# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: November 25, 2020

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * | | |
| VICTORIA TREVISAN, | * | UNPUBLISHED |
| | * | |
| Petitioner, | * | No. 19-880V |
| | * | |
| v. | * | Special Master Dorsey |
| | * | |
| SECRETARY OF HEALTH | * | Petitioner's Motion for Decision Dismissing |
| AND HUMAN SERVICES, | * | Her Petition; Human Papillomavirus |
| | * | ("HPV") Vaccine; Postural Orthostatic |
| Respondent. | * | Tachychardia Syndrome ("POTS"); |
| | * | Autonomic Dysfunction. |
| * * * * * * * * * * * * * * * * * | | |

Andrew D. Downing, Van Cott & Talamante, PLLC, Phoenix, AZ, for petitioner.
Alexis B. Babcock, United States Department of Justice, Washington, DC, for respondent.

**DECISION**[1]

On June 17, 2019, Victoria Trevisan[2] ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program ("Vaccine Program")[3] alleging that as a result of the human papillomavirus ("HPV") vaccination administered on July 12, 2016, she suffered from "Mononucleosis, Postural Orthostatic Tachychardia Syndrome, Fibromyalgia,

---

[1] Because this Decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] The petition was originally filed by Victoria Trevisan's father, Virginio Trevisan, on behalf of his daughter V.L.T. Petition at 1. Victoria Trevisan reached the age of majority on July 13, 2020, and on September 9, 2020, the Court granted petitioner's motion to amend the case caption to reflect Victoria Trevisan as the proper petitioner. Order dated Sept. 9, 2020 (ECF No. 40).

[3] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-10 et seq. (hereinafter "Vaccine Act" or "the Act"). Hereafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

1

Chronic Fatigue Syndrome/Myalgic Encephalomyelitis, Anxiety and Panic Disorder, Gastroparesis, Vitamin D Deficiency, Hashimoto's Disease, Lyme Disease, Ulcerative Colitis, and Mast Cell Activation Syndrome." Petition at 1 (ECF No. 1).  On September 9, 2020, petitioner filed an amended petition, maintaining that petitioner's "injuries of Postural Orthostatic Tachycardia Syndrome, Fibromyalgia, CFS/ME, Hashimoto's, Ulcerative Colitis, Anxiety and Panic Disorder, Gastroparesis, and MCAS were caused-in-fact by the third [HPV] vaccination received on July 12, 2016."  Amended ("Am.") Petition at 5 (ECF No. 44).  The information in the record, however, does not show entitlement to an award under the Program.

## I.   PROCEDURAL HISTORY

On June 17, 2019, petitioner filed her petition, pro se.  Petition (ECF No. 1).  Petitioner filed medical records in October 2019 and January 2020.  ECF Nos. 12, 17.[4]  On February 18, 2020, respondent filed his Rule 4(c) Report, recommending against compensation.  Respondent's Report ("Resp. Rept.") at 2 (ECF No. 20).  Thereafter, additional records were filed in May and June 2020.  ECF Nos. 27-28, 31.

On July 22, 2020, Mr. Andrew Downing appeared as counsel.  ECF No. 33.  Petitioner's medical records were correctly labeled and re-filed on September 9, 2020, along with an amended petition.  ECF Nos. 42-44.  On November 9, 2020, petitioner filed an expert report from Dr. Mitchell Gordon Miglis.  Petitioner's Exhibit ("Pet. Ex.") 16.

On November 18, 2020, petitioner moved for a decision dismissing her case. Pet. Motion for a Decision Dismissing Her Petition ("Pet. Mot."), filed Nov. 18, 2020 (ECF No. 54).  Petitioner argues that her expert report, along with the medical records and medical literature, "provides a sound and reliable opinion attributing her symptoms to her [HPV] vaccination." Id. at ¶ 3.  However, "she would like to opt out of the Vaccine Program . . . to pursue a third party action in district court against Merck directly." Id. at ¶ 4.  Petitioner states that she understands that a decision by the Special Master will result in a judgment against her, and that she has been advised that such judgment will end all of her rights under the Vaccine Act. Id. at ¶ 5.  Petitioner states that she intends to protect her right to file a civil action and to elect to reject the Vaccine Program judgment to file a civil action. Id.

Respondent filed a response to petitioner's motion, recommending "the petition be dismissed and that the Special Master enter a decision denying entitlement."  Resp. Response to Pet. Mot. ("Resp. Response"), filed Nov. 23, 2020 (ECF No. 55).  Respondent argues that petitioner cannot satisfy Althen and thus, failed to establish she is entitlement to compensation. Id. at 4-6.  On November 24, 2020, petitioner filed a reply to respondent's response.  Pet. Reply to Resp. Response, filed Nov. 24, 2020 (ECF No. 56).  Petitioner notes that the parties agree that this case should be dismissed, but argues that it "is fairly clear that . . . autonomic dysfunction [is] autoimmune in origin." Id. at 3.

This matter is now ripe for adjudication.

---

[4] Because petitioner's medical records were originally filed without exhibit numbers, the undersigned will reference the medical records by their docket entry number.

## II.     ANALYSIS

To receive compensation under the Program, petitioner must prove either (1) that she suffered a "Table Injury"—i.e., an injury falling within the Vaccine Injury Table—corresponding to the vaccination, or (2) that she suffered an injury that was actually caused by the vaccination. See §§ 11(c)(1), 13(a)(1)(A).  The records submitted by petitioner show that she does not meet the statutory requirement under 42 U.S.C. § 300aa-11(c)(1)(D)(i) to establish entitlement to compensation.  The Federal Circuit has explained that the eligibility requirements in Section 11(c) are not mere pleading requirements or matters of proof at trial, but instead are "threshold criteri[a] for seeking entry into the compensation program."  Black v. Sec'y of Health & Hum. Servs., 93 F.3d 781, 785-87 (Fed. Cir. 1996).

In this case, petitioner's expert opined that petitioner's HPV vaccination caused petitioner's development of autonomic dysfunction.  Petitioner argues that this expert report, along with the medical records and medical literature, "provides a sound and reliable opinion attributing her symptoms to her [HPV] vaccination."  Pet. Mot. at 2.

The undersigned agrees with respondent that petitioner has failed to establish by preponderant evidence her burden of proof under Althen v. Secretary of Health & Human Services, 418 F.3d 1274, 1280 (Fed. Cir. 2005).  While petitioner filed an expert report in support of her petition, there are a number of decisions in the Vaccine Program rejecting the theory posited by petitioner's expert.  See, e.g., Balasco v. Sec'y of Health & Hum. Servs., No. 17-215V, 2020 WL 1240917, at *33-34 (Fed. Cl. Spec. Mstr. Feb. 14, 2020); McKown v. Sec'y of Health & Hum. Servs., No. 15-1451V, 2019 WL 4072113, at *45 (Fed. Cl. Spec. Mstr. July 15, 2019); Combs v. Sec'y of Health & Hum. Servs., No. 14-878V; 2018 WL 1581672 (Fed. Cl. Spec. Mstr. Jan. 31, 2017); Yalacki v. Sec'y of Health & Hum. Servs., No. 14-278V, 2019 WL 1061429, at *34 (Fed. Cl. Spec. Mstr. Jan. 31, 2019), mot. for rev. denied, decision aff'd, 146 Fed. Cl. 80 (2019); Johnson v. Sec'y of Health & Hum. Servs., No. 14-254V, 2018 WL 2051760, at *1 (Fed. Cl. Spec. Mstr. Mar. 23, 2018); L.A.M. v. Sec'y of Health & Hum. Servs., No. 11-852V, 2017 WL 527576, at *63 (Fed. Cl. Spec. Mstr. Jan. 31, 2017); Turkopolis v. Sec'y of Health & Hum. Servs., No. 10-351V, 2014 WL 2872215 (Fed. Cl. Spec. Mstr. May 30, 2014); Dingle v. Sec'y of Health & Hum. Servs., No. 08-579, 2013 WL 2083220, at *22 (Fed. Cl. Spec. Mstr. July 23, 2013).  Additionally, the report fails to establish a causal link between petitioner's HPV vaccination and her alleged injury.

## III.     CONCLUSION

The undersigned has reviewed the medical records, expert report, and all of the information in the record, and finds petitioner has failed to establish that she has sustained a vaccine-related injury by preponderant evidence.

Accordingly, in light of petitioner's motion and a review of the record, the undersigned finds that petitioner is not entitled to compensation. **Thus, this case is dismissed.  The Clerk shall enter judgment accordingly.**

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Special Master
